# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE SESSION, 1999

FILED

October 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          *
                             *     No. 03C01-9805-CR-00178
          Appellee,          *
                             *     GREENE COUNTY
vs.                          *
                             *     Hon. James E. Beckner, Judge
KENYETTA FIELDS,             *
                             *     (Facilitation of a Felony)
          Appellant.         *

## CONCURRING IN PART, DISSENTING IN PART

_____I am unable to join with the majority in concluding that a penitentiary sentence is warranted in this case. The appellant was convicted of a class C felony; he does not have a criminal history evincing clear disregard for the law; nor have past efforts at rehabilitation failed. Accordingly, he is clearly entitled to the presumption of an alternative sentence. Tenn. Code Ann. 40-35-102(5),(6). Moreover, I find no proof in the record to support any Section 103 consideration requisite for the imposition of a sentence of confinement. At the sentencing hearing, the State presented no proof, relying exclusively on the presentence report.[1] Although the presumption of an alternative sentence may be rebutted by "evidence to the contrary," I find the proof fails to do so in this case.

The trial court ordered total confinement of the appellant based upon (1) his prior record, (2) appellant's admitted use of cocaine, (3) employment record that "doesn't appear to be good," (4) deterrence, and (5) to avoid depreciating the seriousness of the offense. I agree with the majority that these findings were insufficient to warrant total incarceration. The appellant's criminal history consists of

---

[1] It is questionable whether the presentence report in this case even minimally meets the requirements of Tenn. Code Ann. § 40-35-207 (1990). The information, where provided, is cursory at best and is altogether void in other areas, *e.g.* information relating to the appellant's family history, children, if any, physical/mental history, employment history, etc.

two misdemeanor and two traffic offenses. The record does not support a less than good employment history. The record shows unemployment at the time of sentencing with previous employment. No other proof on this issue was presented. With reference to factors four (4) and five (5), the appellate courts of this state have repeatedly held that, absent specific proof, deterrence and seriousness of the offense are insufficient grounds to deny an otherwise eligible offender's entitlement to an alternative sentence. See State v. Ashby, 823 S.W.2d 166, 170-171 (Tenn. 1991); State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995); State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991). Finally, I find the trial court's application of the appellant's admitted use of cocaine contained in the presentence report misplaced. The presentence report was never intended to serve the purpose of gathering incriminating evidence from an offender in order to justify denial of an alternative sentence. Indeed, presentence information is essential in tailoring a sentencing alternative best suited to fit the offender. The offender is encouraged to participate in the preparation of the presentence report in order that information provided by the offender may be utilized by the sentencing court in arriving at an individualized sentence under sentencing guidelines. To utilize the offender's statements within the report to deny an alternative sentence is counter-productive in that it discourages truthfulness and is inconsistent with the purposes of the presentence report.

Although the trial court did not so find, the majority finds that the circumstances of this crime (facilitating sale of cocaine) are so violent, horrifying or shocking as to require total confinement in order to avoid depreciating the seriousness of the offense. See generally, State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991). This conclusion is based upon the fact that the drug transaction occurred within 200 yards of a school. The purpose of the Drug-Free School Zone Act, see Tenn. Code Ann. § 39-17-432(a) (1996 Supp.), is to provide Tennessee students an environment in which they can learn absent the dangers

2

accompanying drug activity. The Act seeks to secure this goal by creating enhanced and mandatory minimum sentences for offenses occurring in a drug-free school zone to serve as a deterrent to such unacceptable conduct. Id. The Act does not indicate that drug offenses committed in close proximity to a school are inherently more serious than all other drug offenses. In the present case, the sale was not made to a minor, nor was a minor involved in any way in the transaction. Moreover, the undisputed proof in the record reveals that the transaction occurred after 5:00 p.m., well after the school's dismissal time for that day. Without more, there is no evidence that the mere proximity to the school made the offense "reprehensible and offensive" as compared to other drug transactions. Although I would not conclude that consideration of the situs of the crime would never be relevant in determining the "seriousness of the offense," I do not believe that the proximity of the drug transaction to the school in the case before this court is sufficient, by itself, to necessitate a sentence of total confinement.

Thus, for the reasons expressed above, I conclude that the State has failed to present sufficient proof to overcome the presumption that a sentence other than confinement would result in successful rehabilitation of the appellant. Under the facts of this record, the appellant and society would best be served by granting a sentence other than total confinement. Accordingly, I would remand this case to the trial court for a determination of which sentencing alternative would best serve the needs of the appellant and society.

_____
DAVID G. HAYES, Judge

3